[Cite as *Blue Ribbon Meats, Inc. v. Fazio*, 2015-Ohio-3146.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102489**

# BLUE RIBBON MEATS, INC.

PLAINTIFF-APPELLANT

vs.

# CHRISTOPHER FAZIO

DEFENDANT-APPELLEE

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Berea Municipal Court
Case No. 14 CVF 01655

**BEFORE:** Stewart, J., McCormack, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** August 6, 2015

**ATTORNEY   FOR APPELLANT**

Timothy N. Toma
Toma & Associates, L.P.A., Inc.
33977 Chardon Rd., Suite 100
Willoughby Hills, OH 44094


**FOR APPELLEE**

Christopher Fazio, pro se
6525 Delores Blvd.
Brookpark, OH 44142

MELODY J. STEWART, J.:

{¶1} Plaintiff-appellant Blue Ribbon Meats, Inc. requested that this appeal be placed on this court's accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. By doing so, it has agreed that we may render a decision in "brief and conclusionary form" consistent with App.R. 11.1(E).

{¶2} Blue Ribbon complains that a default judgment in its favor against defendant-appellee Christopher Fazio on a claim under R.C. 2307.61(A)(1)(b)(ii) should have included an award of treble damages because the complaint was premised on a theft offense: Fazio personally guaranteed checks in payment for services rendered by Blue Ribbon, but those checks were dishonored for insufficient funds. The court ruled that R.C. 2307.61(A)(1)(b)(ii) "does not apply in this case in that the controversy here involves checks, which are specifically excluded in the statute." Blue Ribbon argues that this ruling was erroneous.

{¶3} We sustain the assignment of error. As applicable here, R.C. 2307.61(A)(1)(b)(ii) states that a property owner who brings a civil action pursuant to R.C. 2307.60 to recover damages from any person "who commits a theft offense" is entitled to liquidated damages in an amount:

Three times the value of the property at the time it was willfully damaged or was the subject of a theft offense, irrespective of whether the property is recovered by way of replevin or otherwise, is destroyed or otherwise damaged, is modified or otherwise altered, or is resalable at its full market price. This division does not apply to a check, negotiable order of withdrawal, share draft, or other negotiable instrument that was returned or dishonored for insufficient funds by a financial institution *if the check, negotiable order of withdrawal, share draft, or other negotiable instrument was presented by an individual borrower to a licensee under sections 1321.35 to 1321.48 of the Revised Code for a loan transaction.*

(Emphasis added.)

{¶4} The check or negotiable instrument exclusion contained in R.C. 2307.61(A)(1)(b)(ii) applies only when a check or other negotiable instrument is presented by an individual borrower to a licensee authorized to make short-term loans as defined by R.C. 1321.35 to 1321.48 and is returned or dishonored for insufficient funds — the intent being to protect those individuals obtaining short-term loans whose checks in payment of those loans bounce or are otherwise dishonored. There was no allegation or proof that Fazio was a short-term borrower (Fazio has not appeared in this action), so the exception in R.C. 2307.61(A)(1)(b)(ii) does not apply and did not bar Blue Ribbon's request for treble damages.

{¶5} Judgment reversed and remanded.

It is ordered that appellant recover of appellee its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Berea Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

TIM McCORMACK, P.J., and
MARY J. BOYLE, J., CONCUR